# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS
### No. 14-176V
### Filed:  March 18, 2015
### (Not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * * * * *
```

TRISH L. BURCHILL *and*　　　　　 *

 STEVEN E. BURCHILL　　　　　　　 *

*On behalf of M.R.B., a minor,*　　 *

　　　　　　　　　　　　　　　　 *　　　　　Stipulation; MMR; Hepatitis A;

　　　　　　　　 Petitioners,　　 *　　　　　ADEM

　　v.　　　　　　　　　　　　　 *

　　　　　　　　　　　　　　　　 *

SECRETARY OF HEALTH　　　　　 *

AND HUMAN SERVICES,　　　　　 *

　　　　　　　　　　　　　　　　 *

　　　　　　　　 Respondent.　　 *

```
* * * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Anne Toale, Esq.,* Maglio, Christopher and Toale, Sarasota, FL for petitioners.
*Ryan Pyles, Esq.* U.S. Dep't. of Justice, Washington, DC for respondent.

### DECISION ON JOINT STIPULATION[1]

**Gowen**, Special Master:

On March 4, 2014, Trish L. Burchill and Steven E. Burchill ("petitioners") filed a petition pursuant to the National Vaccine Injury Compensation Program on behalf of M.R.B., a minor.[2]  42 U.S.C. §§ 300aa-1 to -34 (2006).  Petitioners alleged that as a result of receiving a measles-mumps-rubella ["MMR"] vaccine and/or a Hepatitis A vaccine on or about January 30, 2013, M.R.B. developed acute disseminated encephalomyelitis ["ADEM"]. Stipulation ¶ 1,2, 4, filed Mar. 17, 2015.  Further, petitioners allege that M.R.B. experienced residual effects of this injury for more than six months. Id. at ¶ 4.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On Mar. 17, 2015, the parties filed a stipulation in which they state that a decision should be entered awarding compensation.  Respondent denies that the vaccines, either singly or in combination, are the cause of M.R.B.'s ADEM and/or any other injury.  Id. at ¶ 6.  Nevertheless, the parties agree to the joint stipulation, attached hereto.  The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that petitioner shall receive the following compensation:

(a) **An amount sufficient to purchase the annuity contract described in paragraph 10 of the attached Stipulation, paid to the life insurance company from which the annuity will be purchased [the "Life Insurance Company"]; and**

(b) **A lump sum of $4,506.01 for past unreimbursable expenses in the form of a check payable to petitioners, Trish L. Burchill and Steven E. Burchill.**

**These amounts represents compensation for all damages that would be available under § 300aa-15(a).**

The undersigned approves the requested amount for petitioner's compensation. Accordingly, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

**s/ Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| TRISH L. BURCHILL and STEVEN E. BURCHILL, on behalf of M.R.B., a minor,<br><br>Petitioners,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 14-176V<br>Special Master Thomas Gowen |

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of their minor child, M.R.B., petitioners filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to M.R.B.'s receipt of a measles-mumps-rubella (MMR) vaccine and/or a Hepatitis A vaccine [hereinafter collectively referred to as the "vaccines"], which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. M.R.B. received the vaccines on or about January 30, 2013.

3. The vaccines were administered within the United States.

4. Petitioners allege that the vaccines, either singly or in combination, caused M.R.B. to develop acute disseminated encephalomyelitis (ADEM) and that she experienced residual effects of this injury for more than six months.

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on behalf of M.R.B. as a result of her alleged condition.

1

6. Respondent denies that the vaccines, either singly or in combination, are the cause of M.R.B.'s ADEM and/or any other injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

   a. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company"); and

   b. A lump sum payment of **$4,506.01** for past unreimbursable expenses in the form of a check payable to petitioners. This amount and the amount sufficient to purchase the annuity contract, described in paragraph 8(a) above, together represent compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

9. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

   a.     A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

   b.     Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

   c.     Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

   d.     Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of M.R.B., pursuant to which the Life

Insurance Company will agree to make one payment of a certain lump sum of $31,322.00 on October 8, 2029, payable to M.R.B.

Should M.R.B. predecease the payment referenced above in this paragraph or be declared incompetent by a court with proper jurisdiction, the payment shall be made to M.R.B.'s estate. Either petitioners or M.R.B.'s legal representative(s) at the time shall provide written notice to the Secretary of Health and Human Services and to the Life Insurance Company within twenty (20) days of M.R.B.'s death or being declared incompetent.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein, and any amount awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any future annuity payment. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioners and their attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable

under 42 U.S.C. § 15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. sec. 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

14.  Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15.  The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees, litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation as part of the annuity contract will be used solely for the benefit of M.R.B. as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16.  In return for the payments described in paragraphs 8 and 12, petitioners, in their individual capacities and as legal representatives of M.R.B., on behalf of themselves, M.R.B., and M.R.B.'s heirs, executors, administrators, successors and/or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of M.R.B. resulting from, or alleged to have resulted from, the vaccines administered on or about January 30, 2013, as alleged by

petitioners in a petition for vaccine compensation filed on or about March 4, 2014, as amended on August 18, 2014, in the United States Court of Federal Claims as petition No. 14-176V.

17. If M.R.B. should die prior to entry of the judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

18. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

19. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

20. Petitioners hereby authorize respondent to disclose documents filed by petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

21. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the vaccines, either singly or in combination, caused M.R.B.'s ADEM and/or any other injury.

22. All rights and obligations of petitioners hereunder shall apply equally to petitioners'

heirs, executors, administrators, successors, and/or assigns, as legal representative(s) of M.R.B.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

**PETITIONERS:**

_TRISH L. BURCHILL_

**ATTORNEY OF RECORD FOR
PETITIONERS:**

_ANNE C. TOALE_
MAGLIO CHRISTOPHER & TOALE, PA
1605 Main St., Ste. 710
Sarasota, FL 34236
(888) 952-5242

_STEVEN E. BURCHILL_

**AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:**

_VINCENT J. MATANOSKI_
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:**

_A. MELISSA HOUSTON, M.D., M.P.H, FAAP_
Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

**ATTORNEY OF RECORD FOR
RESPONDENT:**

_RYAN D. PYLES_
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-9847

Dated: _March 17, 2015_

7